IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

MARION RICE, Individually and as
Trustee of the Marion Rice Revocable
Living Trust Agreement, u/d/t dated
October 28, 2002,

       Plaintiff,                        CASE NO.:

vs.

LEXINGTON INSURANCE COMPANY,

       Defendant.

_____/

## COMPLAINT

**COMES NOW** Plaintiff, MARION RICE, Individually and as Trustee of the Marion Rice

Revocable Living Trust Agreement, u/d/t dated October 28, 2002 (hereinafter "Plaintiff"), by and

through undersigned counsel, and herein files this Complaint against the Defendant, LEXINGTON

INSURANCE COMPANY (hereinafter "Defendant"), and alleges as follows:

1.      This is an action for damages which exceed fifteen thousand dollars ($15,000.00),

exclusive of interest, costs and attorney's fees, which is within the jurisdictional limits of this Court

in accordance with Section 26.012 of the Florida Statutes.

2.      Plaintiff is a natural person, sui juris, and at all times material hereto has resided in Brevard

County, Florida.

3.      Defendant is a Florida surplus line insurance company which, at all times material hereto,

was engaged in the business of issuing and servicing insurance policies in Brevard County, Florida.

4.      Venue in Brevard County, Florida is proper in this action under Sections 47.011 and 47.051 of the Florida Statutes because this cause of action occurred in this county.

## GENERAL ALLEGATIONS

5.      At all times material hereto, Plaintiff owned property located at 3330 Corey Road, Malabar, Florida 32950, in Brevard County, Florida, which was insured by a policy of insurance issued by the Defendant and identified as policy number 33262742.   A true and correct copy of the declarations page and policy are attached hereto as Exhibit "A".

6.      Plaintiff has paid all premiums due under the subject policy, which was in full force and effect at all relevant times alleged herein.

7.      On or about September 10, 2017, Plaintiff's dwelling suffered direct, physical damages as a result of Hurricane Irma that caused damage to the roof, resulting in the sudden and unexpected intrusion of water to the interior of the property.

8.      The damage to the subject dwelling, structures, and property was caused by a covered peril under the subject insurance policy.

9.      Plaintiff provided timely notice of this loss and made a claim to Defendant, specifically seeking payment for the dwelling damages.

10.     Defendant acknowledged the claim, by and through its agents, employees or assigns, and then sent its own loss consultants out to the insured home to examine the damages and perform services related to the adjustment of the subject claim.

11.     Defendant assigned claim number 683-656818 to the loss.

12.     Defendant afforded coverage for the claim.

13.     Defendant paid policy benefits on the claim after it reduced the coverage by the Policy's deductible and depreciation.

DAVID LOW & ASSOCIATES, P.A. • 2101 WEST COMMERCIAL BOULEVARD, SUITE 2800 •
FORT LAUDERDALE, FLORIDA 33309
(T) (305) 935-8986 • (F) (305) 675-2685

14.     Through its payment on the claim, Defendant admitted liability for the loss.

15.     However, Defendant's payment on the claim is inadequate to repair Plaintiff's property to its pre-loss condition as a result of the loss.

16.     It is undisputed that the insured Plaintiff and the Defendant entered into a written contract, the policy, wherein the insured agreed to pay a premium and the Defendant agreed to insure the subject property.

17.     Defendant had a duty under the subject insurance contract to fully compensate Plaintiff for all losses covered under the subject policy.

18.     Further, all conditions precedent to payment of the claim have occurred, have been performed, have otherwise been satisfied by Plaintiff, or have been waived by the Defendant.

19.     Defendant breached the policy by its failure and refusal to make full and proper payment of insurance proceeds to Plaintiff which caused corresponding financial damage.

20.     Plaintiff has retained the undersigned lawyer to represent him in this regard and upon entry of judgment in favor of the insured Plaintiff, Defendant would be liable for all fees and costs reasonably incurred in connection with the prosecution of this action under § 626.9373, Florida Statutes.

WHEREFORE, Plaintiff seeks entry of judgment against Defendant for damages caused by Defendant's breach of the policy, plus court costs, prejudgment interest, and reasonable attorney's fees. A jury trial is further demanded on all issues triable by a jury.

DAVID LOW & ASSOCIATES, P.A. • 2101 WEST COMMERCIAL BOULEVARD, SUITE 2800 •
FORT LAUDERDALE, FLORIDA 33309
(T) (305) 935-8986 • (F) (305) 675-2685

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** a true and correct copy of the foregoing will be served on the

Defendant along with the Summons in this action.

**DATED** this 7th day of June 2019.

Respectfully submitted,

**DAVID LOW & ASSOCIATES, P.A.**
2101 West Commercial Boulevard, Suite 2800
Fort Lauderdale, Florida 33309
Tel.: (305) 935-8986
Fax: (305) 675-2685
E-Service Email: eservice@davidlowpa.com
Non-Service Email: david@davidlowpa.com

By: /s/David Low
         DAVID LOW, ESQ.
         Florida Bar No.: 67957

**LEXINGTON INSURANCE COMPANY**
**99 High Street**
**Boston, MA 02110-2103**
**HO3 Declaration Confirmation**

**Policy Number:  33262742**
**Name of Insured and Risk Address:**
**Rice, Marion**

**3330 COREY RD**
**MALABAR, FL 32950-4001**

**Effective:   12/30/2016**
**Expiration: 12/30/2017**

**THIS INSURANCE IS ISSUED PURSUANT TO THE FLORIDA SURPLUS LINES LAW. PERSONS INSURED BY SURPLUS LINES CARRIERS DO NOT HAVE THE PROTECTION OF THE FLORIDA INSURANCE GUARANTY ACT TO THE EXTENT OF ANY RIGHT OF RECOVERY FOR THE OBLIGATION OF AN INSOLVENT UNLICENSED INSURER.**

**Producing Agent:  A-AARROW INSURANCE AGENCY**

**Address: 105 N COURTENAY PARKWAY**
**MERRITT ISLAND, FL 32953**

**SURPLUS LINES INSURERS' POLICY RATES AND FORMS ARE NOT APPROVED BY ANY FLORIDA REGULATORY AGENCY.**

**THIS POLICY CONTAINS A SEPARATE DEDUCTIBLE FOR HURRICANE OR WIND LOSSES, WHICH MAY RESULT IN HIGH OUT-OF-POCKET EXPENSES TO YOU.**

**THIS POLICY CONTAINS AS CO-PAY PROVISION THAT MAY RESULT IN HIGH OUT-OF-POCKET EXPENSES TO YOU.**

# LEXINGTON INSURANCE COMPANY
## Amended HO3 Homeowner Declaration Page

**LEX Elite** PERSONAL LINES INSURANCE
Sub-Broker

| | |
|---|---|
| **Policy Number:** 33262742 | **Renewal of Policy Number:** New |
| Reason for change: AMEND PC CODE | Change Effective Date: 12/30/2016 |

**Name of Insured and Mailing Address:**
Rice, Marion

3330 COREY RD
MALABAR, FL 32950-4001

**Broker Name and Address**:
Hull & Company - National Risk Solutions
970 Lake Carillon Dr., Suite 200
St. Petersburg, FL 33716

**Policy Term:** 12/30/2016    **Expiration:** 12/30/2017    12:01 AM Standard Time at the Insured's residence premises.

The residence premises covered by this policy is located at the above address, unless otherwise stated.

Insurance is provided only with respect to those special limits of liability applicable thereto:

**Coverage Part 1 - Homeowners**
- Coverage A: Dwelling — $480,000
- Coverage B: Other Structures — $48,000
- Coverage C: Contents — $240,000
- Coverage D: Loss of Use — $48,000
- Loss Assessment: — $1,000
- Ordinance or Law: — 25%
- Coverage E: Personal Liability — $500,000
- Coverage F: Medical Payments to Others — $5,000

**Coverage Part 2 – Personal Umbrella**
- Umbrella Limit — $ 0
- Self Insured Retention — $ 0

**Coverage Part 3 – Excess Flood**
- Building — $ 0
- Contents — $ 0

**Coverage Part 4 – Scheduled Property**
- Total Scheduled Property — $ 0
- Total Blanket Coverage — 0

**Annual Premium:** $6,183    **Charge:** $115.00

**Homeowner Deductibles**
All Other Perils: $2,500
Named Storm: 2%
Earthquake: Excluded
Special: None $N/A
Special: None $N/A

| | |
|---|---|
| Policy Premium: | $115.00 |
| Inspection Fee: | 0 |
| SL Broker Fee: | 0 |
| Surplus Lines Taxes: | $5.75 |
| Stamping Fee: | $0.17 |
| Emergency Fund Fee: | $0.00 |
| Total Due: | $120.92 |

**Minimum Earned Premium:** $0

**Sub Broker Information**

**Homeowners Rating Information**
Territory: 44    Protection Class: 4/9
County: BREVARD-FL    EQ Zone: NA
Construction:Frame    Yr Built: 1984

**Name:** Hull & Company - National Risk Solutions
**Addr 1:** 800 Carillon Pkwy
**Addr 2:** Suite150
**City, State, Zip:** St. Petersburg, FL 33716

**Forms and Endorsements made part of this policy at time of issuance:**

This declaration page with policy provisions and endorsements, if any, issued to form a part, thereof, completes the above numbered homeowner's policy.

Countersignature Date: 12/30/2016    Countersignature: _Katoyum A. Safirelli_
Authorized Representative: _Jane A Cebi_

*LexElite 11/00*

**Policy Number:** 33262742

IN WITNESS WHEREOF, the Insurance Company identified on the Declarations has caused this policy to be signed by its President, Secretary and a duly authorized representative of the Insurance Company.

**PRESIDENT**                      **SECRETARY**

| Mortgage 1 | Mortgage 2 |
|---|---|
|  |  |
| **Mortgage 3** |  |
|  |  |

**Page 2 of 2**

**LEXINGTON INSURANCE COMPANY**
**99 High Street**
**Boston, MA 02110-2103**
**HO3 Declaration Confirmation**

**Policy Number:  33262742**
**Name of Insured and Risk Address:**
**Rice, Marion**

**3330 COREY RD**
**MALABAR, FL 32950-4001**

**Effective:   12/30/2016**
**Expiration: 12/30/2017**

**THIS INSURANCE IS ISSUED PURSUANT TO THE FLORIDA SURPLUS LINES LAW. PERSONS INSURED BY SURPLUS LINES CARRIERS DO NOT HAVE THE PROTECTION OF THE FLORIDA INSURANCE GUARANTY ACT TO THE EXTENT OF ANY RIGHT OF RECOVERY FOR THE OBLIGATION OF AN INSOLVENT UNLICENSED INSURER.**

**Producing Agent:  A-AARROW INSURANCE AGENCY**

**Address: 105 N COURTENAY PARKWAY**
**MERRITT ISLAND, FL 32953**

**SURPLUS LINES INSURERS' POLICY RATES AND FORMS ARE NOT APPROVED BY ANY FLORIDA REGULATORY AGENCY.**

**THIS POLICY CONTAINS A SEPARATE DEDUCTIBLE FOR HURRICANE OR WIND LOSSES, WHICH MAY RESULT IN HIGH OUT-OF-POCKET EXPENSES TO YOU.**

**THIS POLICY CONTAINS AS CO-PAY PROVISION THAT MAY RESULT IN HIGH OUT-OF-POCKET EXPENSES TO YOU.**

# LEXINGTON INSURANCE COMPANY
## Amended HO3 Homeowner Declaration Page

Insured

| | |
|---|---|
| **Policy Number:** 33262742 | **Renewal of Policy Number:** New |
| Reason for change:<br>AMEND PC CODE | Change Effective Date:          12/30/2016 |

| | |
|---|---|
| **Name of Insured and Mailing Address:**<br>Rice, Marion<br><br>3330 COREY RD<br>MALABAR, FL 32950-4001 | **Broker Name and Address**:<br>Hull & Company - National Risk Solutions<br>970 Lake Carillon Dr., Suite 200<br>St. Petersburg, FL 33716 |

| **Policy Term:** 12/30/2016 | **Expiration:** 12/30/2017 | 12:01 AM Standard Time at the Insured's residence premises. |
|---|---|---|

The residence premises covered by this policy is located at the above address, unless otherwise stated.

Insurance is provided only with respect to those special limits of liability applicable thereto:

| Coverage Part 1 - Homeowners | | Coverage Part 2 – Personal Umbrella | |
|---|---|---|---|
| - Coverage A: Dwelling | $480,000 | - Umbrella Limit | $ 0 |
| - Coverage B: Other Structures | $48,000 | - Self Insured Retention | $ 0 |
| - Coverage C: Contents | $240,000 | **Coverage Part 3 – Excess Flood** | |
| - Coverage D: Loss of Use | $48,000 | - Building | $ 0 |
| - Loss Assessment: | $1,000 | - Contents | $ 0 |
| - Ordinance or Law: | 25% | **Coverage Part 4 – Scheduled Property** | |
| - Coverage E: Personal Liability | $500,000 | - Total Scheduled Property | $ 0 |
| - Coverage F: Medical Payments to Others | $5,000 | - Total Blanket Coverage | 0 |

| **Annual Premium:** | $6,183 | **Charge:** | $115.00 |
|---|---|---|---|

| **Homeowner Deductibles** | | | |
|---|---|---|---|
| | | **Policy Premium:** | $115.00 |
| **All Other Perils:** | $2,500 | **Inspection Fee:** | 0 |
| **Named Storm:** | 2% | **SL Broker Fee:** | 0 |
| **Earthquake:** | Excluded | **Surplus Lines Taxes:** | $5.75 |
| | | **Stamping Fee:** | $0.17 |
| **Special:** None | $N/A | | |
| **Special:** None | $N/A | | |
| | | **Emergency Fund Fee:** | $0.00 |
| | | **Total Due:** | $120.92 |

| **Minimum Earned Premium:** $0 | **Sub Broker Information** | |
|---|---|---|
| **Homeowners Rating Information** | **Name:** | Hull & Company - National Risk Solutions |
| Territory: 44          Protection Class: 4/9 | **Addr 1:** | 800 Carillon Pkwy |
| County: BREVARD-FL          EQ Zone: NA | **Addr 2:** | Suite150 |
| Construction:Frame          Yr Built: 1984 | **City, State, Zip:** | St. Petersburg, FL 33716 |

**Forms and Endorsements made part of this policy at time of issuance:**

This declaration page with policy provisions and endorsements, if any, issued to form a part, thereof, completes the above numbered homeowner's policy.

| Countersignature Date: 12/30/2016 | Countersignature: | *Kathryn A. Safarelli* |
|---|---|---|
| **LexElite 11/00** | Authorized Representative: | *Jaime A. Cain* |

**Policy Number:** 33262742

IN WITNESS WHEREOF, the Insurance Company identified on the Declarations has caused this policy to be signed by its President, Secretary and a duly authorized representative of the Insurance Company.

_____
**PRESIDENT**

_____
**SECRETARY**

| Mortgage 1 | Mortgage 2 |
|---|---|
|  |  |
| Mortgage 3 |  |
|  |  |

**Page 2 of 2**

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

MARION RICE, Individually and as
Trustee of the Marion Rice Revocable
Living Trust Agreement, u/d/t dated
October 28, 2002,

      Plaintiff,                                CASE NO.:

vs.

LEXINGTON INSURANCE COMPANY,

      Defendant.

_____/

**PLAINTIFF'S NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES**

**COMES NOW** Plaintiff, MARION RICE, Individually and as Trustee of the Marion

Rice Revocable Living Trust Agreement, u/d/t dated October 28, 2002 (hereinafter "Plaintiff"),

by and through undersigned counsel, and pursuant to Rule 1.340 of the Florida Rules of Civil

Procedure, hereby propounds his First Set of Interrogatories upon Defendant, LEXINGTON

INSURANCE COMPANY (hereinafter "Defendant"), to be answered in writing and under oath,

within forty-five (45) days.

**[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** a true and correct copy of the foregoing will be served on the

Defendant along with the Summons in this action.

Respectfully submitted,

**DAVID LOW & ASSOCIATES, P.A.**
2101 West Commercial Boulevard, Suite 2800
Fort Lauderdale, Florida 33309
Tel.: (305) 935-8986
Fax: (305) 675-2685
E-Service Email: eservice@davidlowpa.com
Non-Service Email: david@davidlowpa.com

By: /s/David Low
        DAVID LOW, ESQ.
        Florida Bar No.: 67957

2

## <u>DEFINITIONS AND INSTRUCTIONS</u>

1. Insert your answers in the space provided following each question. If additional space is needed, so indicate in the space provided, prepare your answers on a separate paper, and attach the additional paper to your answers.

2. Separately answer each interrogatory, and each subsection of each interrogatory. The term "you" and "your" means the party or parties to which this request is addressed, including its divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, accountants, attorneys, and all other persons acting or purporting to act on its behalf, as well as each partnership in which it is a partner.

3. The terms "Insurance Company" or "Defendant" means the defendant in this action to which these Interrogatories are addressed, including its agents, attorneys, accountants, and all other persons acting or purporting to act on their behalf. The terms "Insurance Company" or "Defendant" also includes the party's divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, attorneys, and accountants as well as each partnership in which it is a partner, and includes any other person, acting or purporting to act on its behalf.

4. The terms "you" and "your" mean the party or parties to which these interrogatories are addressed, including its agents, attorneys, accountants, and all other persons acting or purporting to act on its behalf.

5. The "Complaint" means the Complaint filed by Plaintiff in the matter entitled, <u>MARION RICE, Individually and as Trustee of the Marion Rice Revocable Living Trust Agreement, u/d/t dated October 28, 2002 VS. LEXINGTON INSURANCE COMPANY,</u> in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida.

6. The term "Claim" means any statement, concept, assertion, idea, allegation, fact, law, rule, theory, observation, cause of action, or principle whatsoever, based upon which Plaintiff demand that it has suffered damages, or has a right to payment, as the result of any act or omission of Defendant.

7. The terms "person" or "persons" mean any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, and group of natural persons or other entity, and includes any other person acting on behalf of a person.

8. The term "contract" means any promise, or set or promises, which creates an obligation to do

3

_____

DAVID LOW & ASSOCIATES, P.A. • 2101 WEST COMMERCIAL BOULEVARD, SUITE 2800 •
FORT LAUDERDALE, FLORIDA 33309
(T)(305)935-8986•(F)(305)675-2685

or not do a particular thing where there was meeting of the minds on a given proposition and an understanding and intention between the parties.

9.    The term "communication" means any information given, whether oral or written; any oral or written statement, conference, consultation, dialogue, colloquy, discussion, conversation, agreement, the sharing of knowledge by one with another, bargaining preparatory to making a contract or any expression of any kind.

10.    The term "document" means and includes any kind of written, typed, recorded or graphic matter, however produced or reproduced, of any kind or description, whether sent or received, and every record of every type, including originals, non-identical copies and drafts, and both sides of any documentation where information appears on both sides, and including but not limited to: letters, correspondence, memoranda, meeting transcripts or minutes, public filings or tax returns, papers, books, telegrams, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, cables, telex messages, notes, notations, accountants' working papers, transcriptions, agendas, reports, recordings of telephone or other conversations, of interviews, of conferences or of meetings, telephone messages, diaries, indices, books, reports, ledgers, working papers, invoices, worksheets, receipts, computer printouts, financial statements, schedules affidavits, contracts, canceled checks, statements, transcripts, magazine or newspaper articles, periodicals, releases and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing, whether handwritten, printed or electronically prepared, filed or stored, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, contracts, agreements, journals, statistical records, calendars, appointment books, diaries, lists, tabulations, sound recordings, computer print-outs, data processing input and output, microfilms, newspapers, magazines, books, periodicals or press releases, including information stored on any electromagnetic storage device, any written, printed, typed, recorded, or graphic matter, however produced or reproduced or stored to which you have or had access. "Document" shall also be deemed to include any summary of a document or documents called for hereafter.

11.    The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

12.    As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neutral shall include each of the other genders.

13.    The terms "and" as well as "or" shall be construed disjunctively as well as conjunctively as necessary to make the interrogatory inclusive rather than exclusive. The term "all" means "any and all." The term "each" means "each and every" and the term "every" means "each and every."

14.    The terms "refer" or "relate to" mean setting forth, pertaining to, memorializing,

4

constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

15.      The terms "locate" or "location" means to state the present whereabouts of each Document and to identify the persons having possession, custody or control thereof.

16.      The term "to date" shall mean the date on which you answer these interrogatories.

17.      The term "including" means "including but not limited to".

18.      "Relating to" or "relevant to" means embodying, pertaining to, concerning, involving, constituting, comprising, reflecting, discussing, evidencing, referring to, consisting of, or having any logical or factual connection whatever with the subject matter in question.

19.      The term "Identify," when used with reference to a natural person, means state:
   a.      his full name and address (or, if the present address is not known, his last known address);
   b.      the full name and address of each of his employers, each corporation of which he is an officer or director and each business in which he is a principal;
   c.      his present (or, if the present is not known, his last known) position and his position or positions at the time of the act to which the interrogatory answer relate; and
   d.      such other information sufficient to enable Plaintiff to identify the person.

20.      "Identify," when used with reference to any entity other than a natural person, means:
   a.      state the full name of the entity, the type of entity (e.g., corporation, partnership, etc.), the address of its principal place of business, its principal business activity, and if it is a corporation, the jurisdiction under the laws of which it has been organized and the date of such organization.

21.      "Identify," when used with reference to a document or written communication, means state:
   a.      its nature (e.g., letter, telegram, floppy disc, computer printout, memorandum, chart, report or study), date, author, date and place of preparation and the name and address of each addressee, if there is an addressee;
   b.      the identity of each signer to the document or communication;
   c.      the title or heading of the document or communication;
   d.      its substance;
   e.      its present (or, if the present is not known, the last known) location and custodian;
   f.      the identity of each person to whom a copy was sent and each date of its receipt and each date of its transmittal or other disposition by (i) respondent and (ii) any other person (naming such other person) who, at any time, either received, transmitted or otherwise disposed of such document or communication and each copy thereof;
   g.      the circumstances of each such receipt and each transmittal or other disposition, including identification of the person from whom received and the person to whom

5

transmitted.

22.   "Identify," when used with reference to an oral transaction or oral communication, means state:
    a.    its nature (e.g., telephone call, conversation in person, etc.);
    b.    the date and place thereof;
    c.    the identity and address of each person participating therein, present during or witness to any part thereof;
    d.    identify each document in which such transaction or communication was recorded, described or referred to.

23.   "Identify," when used with reference to a lawsuit means state:
    a.    the caption of each lawsuit;
    b.    the court in which the lawsuit was filed;
    c.    the case number;
    d.    identify the parties, and
    e.    a brief summary of the nature of the claim or charge.

24.   "Identify" when used with reference to an administrative claim or charge means state:
    a.    identify the claimant or charging party;
    b.    the administrative office were filed;
    c.    the number assigned to identify the claim or charge, and
    d.    a brief summary of the nature of the claim or charge.

25.   "Identify," when used in any other context that is herein above set forth, means to describe the act, word, situation, event, etc. (and/or conduct, course of action of any nature whatsoever, including without limitation any failure to act, to engage in any conduct or to pursue any course of action), to be identified as fully as possible and identify each document or communication or act in which such act, word, situation, event, conduct or course of action, etc., was recorded, refers or relates to each answer, forms all or part of the basis for an answer; and/or corroborates and answer.

26.   You may, in lieu of identifying any document or written communication, attach a true copy of each document as an exhibit to the answers to these interrogatories. On each occasion in which you choose to attach a document as your answer to an interrogatory, identify the portion of the document that answers the interrogatory.

27.   Identify each document produced pursuant to an interrogatory by the paragraph number of the interrogatory in response to which it is produced and by the file from which the document was produced.

28.   If any of the information furnished in an answer to all or part of an interrogatory is not within your personal knowledge, identify each person who has personal knowledge of the

6

information furnished in such answer and each person who communicated to you any part of the information furnished.

29.     If the answer to all or any part of the interrogatory is not presently known or available to you, include a statement to that effect, furnish the information now known or otherwise available to you, and respond to the entire interrogatory by supplemental answer, in writing, under oath, within ten days from the time the entire answer becomes known or available to you, but in no event less than five days prior to trial.

30.     If you contend that it would be unreasonably burdensome to obtain and provide all of the information called for in response to any one of these interrogatories or any subpart thereof, then in response to the appropriate interrogatory or subpart:

a.      set forth all such information that is available to you without undertaking what you contend to be an unreasonable burden;

b.      state with particularity the grounds on which you contend that additional efforts to obtain such information would be unreasonably burdensome; and

c.      describe with particularity the efforts made by you to secure such information, including, without limitation, the identity of all persons consulted, and files, records, and documents reviewed, and the identity of each person who participated in gathering such information, including the duration of time spent and nature of work done by each person.

31.     Unless your response to an interrogatory is complete when made, these interrogatories are continuing insofar as you are required to promptly make further or supplemental answers if new information is discovered and/or acquired by you between the date of your initial answer and any time thereafter.

32.     If you claim in response to any request for production that any requested document is "privileged" and not subject to discovery, you shall so state expressly and, in addition, shall provide a privilege log, describing the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

33.     If all of the information furnished in answer to all or part of an interrogatory is not within the personal knowledge of the affiant, identify each person to whom all or part of the information furnished is a matter of personal knowledge and each person who communicated to the affiant any part of the information furnished.

34.     To the extent precise and complete information cannot be furnished, such information as is available shall be supplied, together with an estimate of the precise and complete information. Where such an estimate is given, the method employed in making the estimate shall be described.

7

## **INTERROGATORIES**

1.      Please state the name, title, current business address, and phone number of all persons answering or assisting with the answering of this set of interrogatories.

2.      Please state the date that Defendant first received notice from Plaintiff for a claim of benefits under the Policy for property damages as described in the Complaint filed in this lawsuit.

3.      With regard to Defendant's decision to pay Plaintiff's claim, please state:

    a.      The date the decision to pay claim was made.
    b.      Identify each person who participated in the decision to pay Plaintiff's claim.

8

    c.    Describe each and every fact upon which you relied in forming the basis of your payment for Plaintiff's claim.

    d.    Identify each document sent by Defendant to Plaintiff detailing the reasons why Defendant paid Plaintiff's claim.

    e.    Please state the exact language contained in the Policy, which Defendant used to base its decision to provide coverage for Plaintiff's claim.

4.    Identify each person, by name, address, phone number and position, who on behalf of Defendant, inspected the subject property in reference to the claim described in the Complaint and the dates of each inspection.

5.    Identify all persons (other than Defendant) believed or known by you, your agents or attorneys, to have knowledge concerning any of the issues raised by the pleadings then specify the subject matter about which the witnesses have knowledge and state whether you have obtained any statements (oral, written or recorded) from any of these witnesses. If any witness statements were taken, please list the dates they were taken, by whom any such witness statements were taken and who has the present possession, custody and control of any such statements.

9

6.    Please list all persons who, on Defendant's behalf, have participated in the investigation, evaluation, adjusting or handling of the claim involved hereto and specify the nature of the participation for each and every such person and give the time period during which they participated.

7.    Please describe all requests made by Defendant upon Plaintiff, including but not limited to, requests for Examination Under Oath, documents, Sworn Statement in Proof of Loss, recorded statement, and inspections, in reference to the claim described in the Complaint, and the dates the requests were made. If no requests were made, please explain why.

8.    Please state whether any payments were tendered to Plaintiff as a result of the claim as described in the Complaint.  If any payments were tendered, please provide the amounts of said payments and what said payments were for.

9.    Please explain whether hurricane and water damages are covered under the Policy.

10

10.    Did Plaintiff comply with all post-loss obligations under the Policy? If your answer is no, please specify each and every post-loss obligation Plaintiff allegedly failed to comply with, and what prejudice this alleged failure to comply caused on Defendant.

11.    Please state the name, address, and telephone number of Defendant's sales agent who communicated with Plaintiff during the application process and the date Plaintiff applied for insurance with Defendant.

11

[SPACE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, _____, on behalf of the Defendant, LEXINGTON INSURANCE COMPANY, has executed the foregoing answers to Interrogatories and states that same are true and correct to the best of the undersigned's knowledge and belief.

LEXINGTON INSURANCE COMPANY

By: _____

Title: _____

STATE OF FLORIDA                    }

COUNTY OF BREVARD _____}

BEFORE ME, the undersigned authority, personally appeared _____, who is personally known to me or who has produced _____ as identification, being first duly sworn according to law, deposes and says that he/she executed the foregoing Answers to Plaintiff's First Set of Interrogatories and that they are true and correct to the best of his/her knowledge and belief.

12

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of my office; in the

County and State last aforesaid, this _____ day of _____, 2019.

_____
NOTARY PUBLIC

13

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

MARION RICE, Individually and as
Trustee of the Marion Rice Revocable
Living Trust Agreement, u/d/t dated
October 28, 2002,

       Plaintiff,                                                     CASE NO.:

vs.

LEXINGTON INSURANCE COMPANY,

       Defendant.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

    **COMES NOW** Plaintiff, MARION RICE, Individually and as Trustee of the Marion Rice Revocable Living Trust Agreement, u/d/t dated October 28, 2002 (hereinafter "Plaintiff"), by and through undersigned counsel, and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, requests the Defendant, LEXINGTON INSURANCE COMPANY (hereinafter "Defendant"), to produce for copying at the office of the undersigned, the following documents, within forty-five (45) days.

### I.    DEFINITIONS AND INSTRUCTIONS

1. The terms "you", "your(s)", "yourselves", "Defendant", and/or "Insurance Company" means the party or parties to which this request is addressed, and any agents, representatives, attorneys or other persons acting or purporting to act, on its behalf.

2. The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

3. The "Complaint" means the Complaint filed by Plaintiff in the matter entitled, <u>MARION RICE, Individually and as Trustee of the Marion Rice Revocable Living Trust Agreement, u/d/t dated October 28, 2002 VS. LEXINGTON INSURANCE COMPANY</u>, in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida.

1

4.  The term "document" shall mean any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, work-sheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records).

5.  The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

6.  The term "Defendant" shall refer to <u>LEXINGTON INSURANCE COMPANY</u>, its affiliates, subsidiaries, predecessors, successors, agents, attorneys and/or anyone else acting on its behalf.

7.  The term "Property" identifies the dwelling unit insured under the Policy, also known as <u>3330 Corey Road, Malabar, Florida 32950</u>.

8.  The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, personal delivery or otherwise.

9.  As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neutral shall include each of the other genders.

10. The terms "and", "as well as" and "or" shall be construed disjunctively as well as conjunctively as necessary to make the Interrogatory inclusive rather than exclusive. The term "all" means "any and all." The terms "each" and "every" means "each and every," the term "including" means "including without limitation."

11. The terms "referring to" or "relating to" mean setting forth, pertaining to, memorializing, constituting, embodying, discussing, analyzing, reflecting or otherwise concerning.

12. The terms "locate" or "location" means to state the present whereabouts of each document and to identify the person(s) having possession, custody or control thereof.

13. The term "to date" shall mean the date on which you respond to this request.

2

14. When producing the required documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

15. When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

16. In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file.

17. The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

18. If you claim that the attorney/client or any other privilege or the attorney's work product doctrine applies to any document, the production of which is called for by these requests, then for each such document, state its date, subject matter, authors), recipient(s), present custodian and all past custodians, and such additional information concerning the claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim

19. If you contend that it would be unreasonably burdensome to obtain and provide all of the documents called for in response to any one of these requests, then in response to the appropriate request:
    a.   furnish each such document that is available to you without undertaking what you contend to be an unreasonable burden;
    b.   state with particularity the grounds on which you contend that additional efforts to obtain such documents would be unreasonably burdensome; and
    c.   describe with particularity the efforts made by you to secure such documents, including, without limitation, the identity of all persons consulted, and files, records, and documents reviewed, and the identity of each person who participated in gathering such documents, including the duration of time spent and nature of work done by each person.

20. Unless otherwise indicated, all requests include the time period of <u>September 2012</u> to date.

21. The term "insured" shall refer to <u>MARION RICE</u>, his affiliates, predecessors, successors, agents, attorneys and/or anyone else acting on his behalf.

DAVID LOW & ASSOCIATES, P.A. • 2101 WEST COMMERCIAL BOULEVARD, SUITE 2800 •
FORT LAUDERDALE, FLORIDA 33309
(T) (305) 935-8986 • (F) (305) 675-2685

## II.      LOST/DESTROYED DOCUMENTS

If any document to be produced was, but is no longer, in your possession, custody or control and/or has been destroyed or is otherwise incapable of production or state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; (d) if not destroyed, the reason why the document is incapable of production; and (e) the subject matter of the document.

## III.      DOCUMENTS REQUESTED

1.  A true and correct certified copy of the insurance policy provided by Defendant to Plaintiff, upon which this lawsuit is premised, including but not limited to, declaration sheet(s), all addendums and attachments.

2.  Each and every timesheet, log and all other documents reflecting time spent by Defendant at the Property.

3.  Each and every document, evidencing the name, address, and the position/relationship with Defendant, of every individual who has visited the Property on behalf of Defendant.

4.  Any and all estimates created by Defendant's agents, employees, or representatives for the loss as described in the Complaint.

5.  The initial inspection report created by Defendant's field adjuster or representative who initially inspected the loss as described in the Complaint.

6.  Any and all inspection reports by any of Defendant's agents, employees, or representatives who inspected the loss as described in the Complaint.

7.  Any and all correspondence, emails, letters, or written communications from Defendant to Plaintiff, or Plaintiff's agents, which in any manner pertain to Plaintiff's loss as described in the Complaint.

8.  Any and all correspondence, emails, letters, or written communications from Plaintiff, or Plaintiff's agents, to Defendant, which in any manner pertains to Plaintiff's loss as described in the Complaint.

9.  Any and all photographs (in color if available) or videos taken of the subject property by Defendant for any inspections conducted for the loss as described in the Complaint.

10. Any and all photographs (in color if available) or video of the subject property in Defendant's possession taken at any time while Plaintiff was Defendant's insured.

4

11. Any and all photographs (in color if available) or videos in Defendant's possession of the subject property taken as a result of Plaintiff's applying for insurance with Defendant.

12. Any and all recorded statements and any transcripts of any recorded statements in Defendant's possession taken of Plaintiff by Defendant for the claim as described in the Complaint.

13. Any and all recorded statements and any transcripts of any recorded statements in Defendant's possession taken of any witnesses by Defendant for the loss as described in the Complaint.

14. Any and all receipts or estimates for repairs to the subject property submitted to Defendant by Plaintiff.

15. Any and all copies of checks issued to Plaintiff by Defendant for the claim as described in the Complaint.

16. Any reports, estimates, or documents of any kind describing the damage incurred at the subject dwelling and the name of the person and company which performed said report.

17. A copy of the claim handling guidelines or procedures outlining how to handle a hurricane and water claim.

18. Any and all denial letters sent to Plaintiff by Defendant.

19. Any and all payment letters sent to Plaintiff by Defendant.

20. All documents that Defendant has in its possession pertaining to Plaintiff's prior claim(s).

21. The initial document(s) provided to Defendant by Plaintiff or his representatives giving notice of the claim as described in the Complaint.

22. Any requests for appraisal submitted to Defendant by Plaintiff or his representatives.

23. Any and all applications for insurance filled out by Plaintiff.

24. Any and all documentation produced by Plaintiff to Defendant during Plaintiff's application process with Defendant or Defendant's agent.

25. Any and all documentation related to Defendant's Four Point Inspection of the subject property.

5

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** a true and correct copy of the foregoing will be served on the

Defendant along with the Summons in this action.

Respectfully submitted,

**DAVID LOW & ASSOCIATES, P.A.**
2101 West Commercial Boulevard, Suite 2800
Fort Lauderdale, Florida 33309
Tel.: (305) 935-8986
Fax: (305) 675-2685
E-Service Email: <u>eservice@davidlowpa.com</u>
Non-Service Email: <u>david@davidlowpa.com</u>

By: /s/David Low
DAVID LOW, ESQ.
Florida Bar No.: 67957

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT,
IN AND FOR BREVARD COUNTY, FLORIDA

MARION RICE, Individually and as
Trustee of the Marion Rice Revocable
Living Trust Agreement, u/d/t dated
October 28, 2002,

       Plaintiff,                            CASE NO.:

vs.

LEXINGTON INSURANCE COMPANY,

       Defendant.

_____/

## PLAINTIFF′S FIRST REQUEST FOR ADMISSIONS

**COMES NOW** Plaintiff, MARION RICE, Individually and as Trustee of the Marion Rice Revocable Living Trust Agreement, u/d/t dated October 28, 2002 (hereinafter "Plaintiff"), by and through undersigned counsel, and pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, requests the Defendant, LEXINGTON INSURANCE COMPANY (hereinafter "Defendant"), to admit or deny the following:

1.     Admit that at all times material to the Complaint filed herein, Defendant was and is a Florida surplus line insurance company which, at all times material hereto, was engaged in the business of issuing and servicing insurance policies in Brevard County, Florida.

2.     Admit that Defendant maintains agents in Brevard County, Florida for the transaction of its customary business.

3.     Admit that venue lies in Brevard County, Florida, for this action.

4.     Admit that all of the Defendant's representatives that adjusted Plaintiff's claim were agents of the Defendant and acted within the scope and course of their agency.

1

5.      Admit that the above-styled court, in the Eighteenth Judicial Circuit, in and for Brevard County, Florida, has jurisdiction over the action of Plaintiff against Defendant.

6.      Admit that Defendant issued policy number 33262742 to Plaintiff.

7.      Admit that the policy Defendant issued under policy number 33262742 provides insurance coverage against the damage loss alleged in the Complaint occurring on Plaintiff's premises.

8.      Admit that on the date of the loss, on or about September 10, 2017, while the policy was in full force and effect, Plaintiff was the owner of the premises located at 3330 Corey Road, Malabar, Florida 32950.

9.      Admit that Plaintiff gave timely notice to the Defendant of the loss and the Defendant has not been prejudiced in the notice given by Plaintiff.

10.     Admit that Plaintiff fulfilled all conditions precedent and post-loss conditions to be entitled to make recovery under said policy for the damages alleged in the Complaint.

11.     Admit that Plaintiff made a claim for the damage loss to the dwelling at the above-described insured property under the above-described policy.

12.     Admit that Defendant arranged adjustment for the claim and sent an adjuster to inspect and estimate the damages to Plaintiff's property.

13.     Admit that shortly after the date Plaintiff suffered the covered loss, the Defendant was furnished with written notice of the claim and Defendant has not been prejudiced in any way regarding notice of the claim.

14.     Admit that Plaintiff requested the Defendant provide coverage for the property loss before the lawsuit was filed.

DAVID LOW & ASSOCIATES, P.A. • 2101 WEST COMMERCIAL BOULEVARD, SUITE 2800 •
FORT LAUDERDALE, FLORIDA 33309
(T) (305) 935-8986 • (F) (305) 675-2685

15.     Admit that the Defendant agrees that the cause of the loss is covered under the Defendant's insurance policy.

16.     Admit that the insurance policy referenced in the Complaint was in effect and provides coverage during the loss date referenced in the Complaint.

17.     Admit that Plaintiff's property was damaged due to a peril covered in the insurance policy.

18.     Admit that the Defendant agrees that the scope of the damages reflected in Plaintiff's estimate is covered under the insurance policy.

19.     Admit that the Defendant has waived the policy post-loss requirements and all conditions precedent.

20.     Admit that all premiums required for purchase of the policy were paid.

21.     Admit that Plaintiff has made no material misrepresentation in the application of insurance.

22.     Admit that Plaintiff has not made any false statements or engaged in any concealment in this claim.

23.     Admit that Defendant is required to pay Plaintiff's attorney's fees and costs pursuant to Section 626.9373, Florida Statutes.

24.     Admit that Plaintiff has provided documents to Defendant to aid its investigation.

25.     Admit that Defendant issued payment to Plaintiff for this claim.

DAVID LOW & ASSOCIATES, P.A. • 2101 WEST COMMERCIAL BOULEVARD, SUITE 2800 •
FORT LAUDERDALE, FLORIDA 33309
(T) (305) 935-8986 • (F) (305) 675-2685

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** a true and correct copy of the foregoing will be served on the

Defendant along with the Summons in this action.

Respectfully submitted,

**DAVID LOW & ASSOCIATES, P.A.**
2101 West Commercial Boulevard, Suite 2800
Fort Lauderdale, Florida 33309
Tel.: (305) 935-8986
Fax: (305) 675-2685
E-Service Email: eservice@davidlowpa.com
Non-Service Email: david@davidlowpa.com

By: /s/David Low
      DAVID LOW, ESQ.
      Florida Bar No.: 67957